## EQUITY PRACTICE—TRUST ESTATES.

James A. Cornwise, Comp'nt vs. Benedict Bourgum, Def't.

### In Equity—Motion to dissolve Injunction.

1. A Court of Chancery, in its sound discretion, may continue an injunction, after all the Equity of the Bill has been fully denied, in the defendant's answer.

2. A Guardian, or other Trustee, may change the investment of the trust estate, where it is manifestly for the interest of the *cestuy que trust*. But if he does so without an order of court, it is at his own risk, and he will be held accountable for all the consequences.

3. A Court of Equity will not permit a Trustee to encroach on the capital of the trust estate, for the maintenance of the *cestuy que trust*, except under very peculiar circumstances.

This is a bill, filed by the complainant, against the defendant, as his guardian, charging him, amongst other things, with having wasted and mismanaged his estate, and praying that an account may be taken, as to defendant's actings and doings, in reference to said estate. The bill, further, prays, that a writ of Injunction do issue, to restrain the said defendant from selling, under the order of the Honorable the Court of Ordinary for the County of Chatham, nine slaves, and five hundred acres of land, being part of the capital of the estate, belonging to said complainant, in the hands of said defendant, to satisfy an alleged indebtedness to said defendant, for advances made by him, which said indebtedness the complainant, in his bill, denies to exist, upon a fair settlement of the accounts.

An Injunction having issued, and the defendant having filed his answer to said bill, now moves this Court to dissolve the said Injunction, on the ground, that the whole Equity of the bill has been denied by the defendant's answer. This motion has been opposed by the counsel for complainant, on the ground that, admitting the facts, as stated in the defendant's answer, to be true, they by no means swear away the Equity, which is contained in the complainant's Bill of Complaint, and this upon several grounds, which may be noticed hereafter.

[Cornwise *vs.* Bourgum.]

As a general rule, it is undoubtedly true, in a Court of Equity, that, if the answer of a defendant denies all the Equity contained in the complainant's bill, an Injunction, if permitted to issue, will be dissolved, upon the coming in of the answer; otherwise it will be continued to the hearing.—*Eden on Injunct.* 86 ; Hoffman *vs.* Livingston, 1 *John. Chan.* 211.    But there are some particular cases, in which the Court of Equity will continue an Injunction, even although the defendant may have fully answered the Equity set up in the bill.    But this must rest in the sound discretion of the Court, and is governed by the peculiar nature and circumstances of the case.—Roberts *vs.* Anderson, 2 *John. Chan.* 205 ; *R. M. Charlton's R.* 381.

The question presented, under the present bill and answer, is— Has the defendant sworn away, or denied, in his answer, all the Equity, as contained in the complainant's bill?  To decide this question, we must refer to a few of the leading facts, admitted by the defendant, in his answer, in reference to the charges, as contained in the complainant's bill.

Now, the defendant, in his answer, admits, that on, or about, the fifteenth day of March, one thousand eight hundred and thirty-three, having intermarried with the sister of the complainant, he did procure, from the Honorable the Court of Ordinary of Chatham County, letters of guardianship, on the person and property of the said complainant ; and that, by virtue thereof, he possessed himself of twenty-six negro slaves, eight hundred and six acres of land, and three thousand six hundred and sixty-seven dollars and twenty-two cents, in cash, as the property belonging to said complainant :  That this estate, at the time he took possession thereof, was free and clear of any incumbrance, or demand :   That shortly after taking possession of said estate, he invested, as guardian, with the consent of the complainant, as he alleges, (who was then an infant, about the age of fourteen years,) three thousand and six dollars of the cash on hand, in the purchase of eight hundred and six acres of land, contiguous to, and adjoining, that then owned by complainant :  That this purchase and investment was made by him, without the sanction or authority of this Court, or of the Honorable the Court of Ordinary for Chatham County.   Now, it is this purchase, or investment, against which the complainant, in his bill, amongst other things, principally complains ;

[Cornwise vs. Bourgum.]

and having arrived at his majority, objects to it, on the ground, that his guardian, the defendant, had no power, or authority, to change the nature of his estate, without the sanction, or authority, of this Court, or some other tribunal, competent to give him that authority, and that the same has manifestly been to his injury, and that of his estate. It is, undoubtedly, true, that a guardian may, under particular circumstances, where it is manifestly for the benefit and interest of the infant, change the nature of his estate, and a Court of Equity will support his conduct, if the act be such as the Court itself would have done, under the like circumstances, by its own order. But where a guardian, or trustee, undertakes to change the nature of the estate committed to his care and management, without proper authority for that purpose, he does so at his peril, and when brought to account for the act, he must clearly make it appear to the Court, that the same was for the manifest benefit, interest and advantage, of the infant, or he will be held accountable for the act, and all the consequences flowing from it.—2 *Story's Eq.* 585, 586, 587. Now, the only excuse set up by the defendant, in his answer, for the foregoing purchase and investment, is, "that it would have been highly detrimental " to the interest of the complainant, who owned the other half of said " tract of land, so purchased by defendant, as guardian as aforesaid, " from the said Robert Lundy, to have permitted any other person to " have become the owner, especially as the Lundy half was the most " valuable, and contained the greater part, and the best timber on " the said tract, and the best land thereof." It is not, in the remotest degree, necessary, in deciding the present motion, that any impurity of motive should be attributed to the defendant, in the purchase of the land in question ; and so far as the same is charged against him, by the complainant, in his bill, it is, I think, satisfactorily denied by the answer. But the point to be now considered, is—Has this purchase and investment been for the manifest benefit, interest and advantage, of the complainant, and his estate? If not, the Equity of the complainant's bill, so far as that purchase and investment is involved in the present controversy, has not been denied, or sworn away, by the answer ; and, consequently, the defendant would not be entitled to have the Injunction dissolved. Now, so far as appears *on the face of the defendant's answer*, and his accounts filed, the land purchased from Lundy has, ever since the purchase, been almost wholly unproductive, and was not absolutely required for cultivation, by the small

force owned by the complainant, and has been the principal cause of all the difficulty, now existing between the complainant and the defendant. It manifestly appears too, from the defendant's own showing, that, instead of this purchase having turned out for the manifest benefit and advantage of the complainant, it has been to his injury, and that of his estate; for it has compelled the defendant to sell three of the complainant's negroes, being a part of the capital of his estate, to meet the alleged necessary and annual expenditure, and that there still remains against him a balance of eighteen hundred and forty-nine dollars and thirty-one cents, which the defendant is now seeking to satisfy, by a further sale of a portion of the capital of the estate belonging to the complainant. There is not a doubt on the mind of this Court, after a careful examination of the accounts, as filed by the defendant, that, if the sum of three thousand and six dollars had been originally loaned out at interest, by the defendant, upon good real security, instead of being invested in the purchase of the land from Lundy, nothwithstanding the loss of crops, &c. as alleged by the defendant, in his answer, and giving him credit for all his advances, instead of there being now a balance in favor of the defendant, as guardian, amounting to the sum of eighteen hundred and forty-nine dollars and thirty-one cents, there ought to be in his hands a large balance of cash, due the complainant. And had such been the course pursued by the defendant, in the management of the estate committed to his care, I apprehend that, with a due regard to expenditures, for the maintenance of the complainant during his minority, there would have been little or no necessity to have sold, or sacrificed, any portion of the capital of the estate. If this investment, then, made by the defendant, cannot be justified, or sanctioned, upon Equitable principles, it is clear, that the whole character of the defendant's accounts, and their results, must be changed; and that it would be, therefore, unjust and inequitable, to permit him to proceed and sell a further portion of the capital of the complainant's estate, under the order of the Honorable the Court of Ordinary for the County of Chatham, *until this point can be fairly submitted to the consideration of a Jury, under all the facts and circumstances of this case.*

But there are other grounds, which have been presented to the consideration of this Court, by the counsel for the complainant, why this Injunction ought not now to be dissolved. These grounds are, that the defendant, under the order of the honorable the Court of Ordina-

[Cornwise vs. Bourgum.]

ry for the County of Chatham, is endeavoring to sell a portion of the capital of the estate belonging to the complainant, for an alleged indebtedness to him, for advances made, beyond the income and profits of the estate, as appears from his accounts as filed, which, it is contended, a Court of Equity will never permit, and that he has charged the complainant interest on these advances. That a Court of Equity will not suffer or permit a trustee to invade upon the capital of the Trust estate, for the maintenance of his *cestuy que trust*, except under very peculiar circumstances, is a principle now too well settled to be the subject of the least doubt. It will not even permit a creditor to do it, much less the trustee himself, who has been specially appointed to protect it, and the interests of his *cestuy que trust*. If so, these are strong additional reasons, as it seems to me, in reference to the defendant's accounts, why this injunction ought not to be dissolved, and why the whole actings and doings of this defendant ought also to be submitted to the consideration and scrutiny of a Jury.

Without extending, therefore, the reasons for this decision further, I am of opinion, after a careful examination of the bill, answer, and exhibits, as filed, that all the Equity of the complainant's bill has not been denied, and sworn away, by the defendant's answer, and that, consequently, for the reasons given, I must refuse to grant the present motion. The complainant, however, must take care that he speed his cause to trial.—*Motion denied.*

Francis S. Bartow, William Law and Henry Williams, for Complainant.

Charlton & Ward, and McAllister & Cohen, for Defendants.